# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 839 | **DATE** | 2/8/2002 |
| **CASE TITLE** | 3COM Corp. Vs. Elizabeth Gilbert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff now seeks fees of $13,056.50 and costs of $2,252.70, pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure. The motion is granted, and fees and costs in the amount of $15,309.20 are awarded.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 02 FEB -8 PM 3:47 | FEB 1 1 2002 | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| 3COM CORPORATION, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) No. 01 C 839 |
| ELIZABETH GILBERT, | ) |
| Defendant. | ) |

DOCKETED
FEB 11 2002

MEMORANDUM OPINION AND ORDER

Plaintiff in 1999 sued Electronic Recovery Specialists, Inc. (ERS), its president Davis Gilbert, and a supervisor of the company. In February 2001, Elizabeth Gilbert (Elizabeth), secretary and an owner of ERS, and wife of Davis Gilbert, was named as a defendant in this separate lawsuit and it was deemed a related case. The Declaration of Anthony J. Carballo details the substantial efforts to serve Elizabeth both at her home in Wilmette, Illinois, and at the business in Niles – some 16 attempts. Those efforts were unsuccessful, and Elizabeth then moved to Phoenix, Arizona. After several unsuccessful attempts at her home there, plaintiff finally, on August 21, 2001, sent a Notice of Lawsuit and Request for Waiver of Service of Summons. The waiver was not returned. Thereafter, according to the Carballo Declaration, plaintiff sought on numerous occasions by means of the Maricopa Sheriff's Department and a private investigator to serve Elizabeth but they too were unsuccessful. Finally, plaintiff served Elizabeth by alternate means.

Plaintiff now seeks fees of $13,056.50 and costs of $2,252.70, pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure. That rule directs that the court "shall" include fees and costs incurred to effect service after a failure to comply with a request for waiver "unless good cause for the failure be shown." The motion is granted, and fees and

costs in the amount $15,309.20 are awarded.

Elizabeth, for good cause, represents that because of personal problems, namely the death of her mother, the illness of her father, a pending divorce and her move to Arizona, she did not pay much attention to her mail during 2001, and was not aware of this lawsuit until October of that year. Even if that were true, it would not constitute good cause. The expense of her inadvertence should be borne by her, not the plaintiff. Moreover, those representations lack credibility. Plaintiff is not seeking fees and costs for any of the numerous attempts in Illinois and in Arizona prior to the expiration of the return of waiver period. But those attempts and the subsequent efforts lead to a firm conviction that Elizabeth was ducking service. And we are satisfied, based upon plaintiff's explanation in its reply brief, that the fees both in time and rate are reasonable. Indeed, they are far less than plaintiff's actual expense in effectuating service.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

__Feb. 8__, 2002.